UNITED STATES DISTRICT COURT EASTERN
DISTRICT OF NEW YORK

**Case No. 18-cv-6613**

---

SHAKEYA RHODEN, and other similarly situated
current and former nurses and tecnicians,

Plaintiff,

- Against -

NIRANJAN MITTAL,      NIRANJAN K. MITTAL,
PHYSICIAN, PLLC.

Defendant.

---

## MEMORNADUM OF LAW

---

THE LAW OFFICE OF JASON TENENBAUM, P.C.
Attorneys for Plaintiff
595 Stewart Avenue, Suite 400
Garden City, New York 11530
(516) 750-0595 (Office)

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... 2-5

PRELIMINARY STATEMENT……………….……………………………………………….. 6-7

FACTS……………………………………………………………………………..…….….. 7-8

LEGAL ARGUMENT………………………………………………………….……….……….. 9-19

Plaintiffs Are Entitled to Entry of a Default Judgment…………..…………..…………… 9

The Well-Pleaded Allegations in the Complaint Must be Accepted as True……….....…….…. 9

The Allegations Establish Defendants' Liability…………………………………..……….. 9-10

This Court May Set Damages Without an Inquest…………………………….……..…..……... 10

PLAINTIFFS' DAMAGE CALCULATIONS…………………………………….....….…... 11-19

The FLSA'S Three-Year Statute of Limitations is Applicable
Because Defendants' Actions were Willful………………………………..…….….......…..….. 11-12

The Applicable NYLL Statute of Limitations is Six Year……………………….…..…..…. 12-13

Plaintiffs are Entitled to Liquidated Damages Under the FLSA and NYLL…………..…….... 13-15

1. FLSA Liquidated Damages…………………......................................................….. 13-14

2. NYLL Liquidated Damages…………………….................................................….. 14-15

Plaintiffs are Entitled to Prejudgment Interest on Their NYLL Claims ................................. 15

Damages Analysis…………………….................................................................................. 15-17

An Inquest Should be Limited to Plaintiff's Non-Economic and Punitive Damages Relative to
the NY ADC 8-107(a) Claim………………………………………………………….…….. 17

Plaintiffs Are Entitled to Reasonable Attorneys' Fees and Costs …………………................... 17-19

CONCLUSION…………………………………………………………………………….... 19

## TABLE OF AUTHORITIES
### Cases

*Arbor Hill Concerned Citizens Neighborhood Ass 'n v. County of Albany,*
522 F.3d 182 (2d Cir. 2008)............................................................... 17-18

*Ayres v. 127 Rest Corp.,*
12 F. Supp.2d 305 (S.D.N.Y. 1998)................................................... 11, 13-14

*Barfield v. New York City Health & Hospitals Corp.,*
537 F. 3d 132, 150 (2d Cir. 2008)...................................................... 13

*Blue v. Finest Guard Services, Inc.,*
No. 9 Civ. 133, 2010 U.S. Dist. LEXIS 73223  (E.D.N.Y. June 24, 2010) ...................... 11, 14

*Brock v. Superior Care, Inc.,*
840 F.2d 1054, 1065 (2d Cir. 1988) ................................................... 15

*Cao v. Wu Liang Ye Lexington Rest. Inc.,*
2010 U.S. Dist. LEXIS 109373 (S.D.N.Y. Sept. 30, 2010) ............................... 17-18

*Cesario v. BNI Constr. Inc.,*
2008 U.S. Dist. LEXIS 103155  (S.D.N.Y. Dec. 8, 2008) ............................... 18

*Cotton v. Slone,*
4 F.3d 176 (2d. Cir. 1993)............................................................... 7

*Coulibaly v. Millenium Super Car Wash, Inc.,*
2013 U.S. Dist. LEXIS 186210  (E.D.N.Y. July 9, 2013)................................. 15

*Da Silva v. Bennet St. Dev. Corp.,*
2010 U.S. Dist. LEXIS 112832  (E.D.N.Y. Sept. 24, 2010)................................ 9

*Dong v. CCW Fashion Inc.,*
2009 U.S. Dist. LEXIS 33194 (SDNY. Feb. 19, 2009) ................................... 12

*Ferrara v. Corona & Son Trucking*
2010 U.S. Dist. LEXIS 137479........................................................... 10

*Gesualdi v. MBM Indus.,*
2010 U.S. Dist. LEXIS 963 (EDNY Sept. 13, 2010)..................................... 9

*Grant v. Martinez,*
973 F.2d 96, 99 (2d Cir. 1992)........................................................... 18

*Guallpa v. NY Pro Signs Inc.,*
2014 U.S. Dist. LEXIS 7703 (SDNY May 24, 2014) ................................... 7

*Gutierrez v. Taxi Club Mgmt.,*
2018 U.S. Dist. LEXIS 106808, \*16 (EDNY 2018)……………………………………… 16

*Gunawan v. Sake Sushi Rest.,*
2011 U.S. Dist. LEXIS 96639 (EDNY Aug. 26, 2011) ...................................................... 12

*Gurung v. Malhotra,*
851 F. Supp.2d 583, 593 (S.D.N.Y. 2012) …………………………………………............ 14

*Heng Chan v. Sung Ye Tung Cotp.,*
2007 U.S. Dist. LEXIS 7770 at \*70-84 (E.D.N.Y. Aug. 26, 2011) ................................... 15

*Herrera v. Tri-State Kitchen & Bath, Inc.,*
2015 U.S. Dist. LEXIS 51809  (E.D.N.Y. Mar. 12, 2015) ................................................ 14

*Hui Luo v. L & S Acupuncture, P. C.,*
No. 14 Civ. 1003, 2015 U.S. Dist. LEXIS 56236 (E.D.N.Y. Apr. 29, 2015) .................... 18

*Juarez v. Precision Apparel, Inc.,*
2013 U.S. Dist. LEXIS 131418 (E.D.N.Y. 2013)………………………………………… 19

*Ke v. Saigon Grill, Inc.,*
595 F. Supp.2d 240 (S.D.N.Y. 2008) ……………………..................................................... 12, 14

*Keun-Jae Moon v. Joon Gab Kwon,*
248 Supp.2d 201, 232 (S.D.N.Y. Sept. 6, 2002) …………………………………………… 12

*McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund,*
450 F.3d 91 (2d Cir. 2006) ............................................................................................... 18

*McLaughlin v. Richland Shoe Co.,*
486 U.S. 128 (1988) ......................................................................................................... 11

*Pavia v. Around the Clock Grocery, Inc.,*
2005 U.S. Dist. LEXIS 42339  (EDNY Nov. 15, 2005) …………………………………… 10

*Paz v. Piedra,*
2012 U.S. Dist. LEXIS 4034 (SDNY Jan. 12, 2012) ........................................................ 15

*Ramirez v. CSJ & Co.,*
2008 U.S. Dist. LEXIS 28901 (SDNY Apr. 3, 2007) ....................................................... 12

*Reiter v. MTA N. Y City Transit Auth.,*
457 F.3d 224, 232 (2d Cir. 2006)…………………………………………………………… 18

| | |
|---|---|
| *Ryan v Kellogg Partners Institutional Servs.,* <br> 19 NY3d 1, 11 (NY COA 2012)………………………………………………… | 14 |
| *Santillan v. Henao,* <br> 822 F. Supp.2d 284 (E.D.N.Y. 2011) ……………………………………… | 11 |
| *Saulpaugh v. Monroe Cmty. Hosp.,* 4 F.3d 134, 145 (2d Cir. 1993)……………………… | 16 |
| *Tacuri v. Nithin Constr. Co. ,* <br> 2015 U.S. Dist. LEXIS 22074 at *13 (E.D.N.Y. Feb. 24, 2015)…………………… | 19 |
| *Vasquez v. Ranieri Cheese Cmp.,* <br> 2010 U.S. Dist. LEXIS 29431  (E.D.N.Y. Mar. 25, 2010)…………………………… | 12 |
| *Wicaksono v. ZYZ 48 Corp. ,* <br> 2011 U.S. Dist. LEXIS 5571 (SDNY May 2, 2011)…………………………....……… | 9 |
| *Yin v. Kim,* <br> 2008 U.S. Dist. LEXIS 118533 at *7 (E.D.N.Y. Mar. 7, 2009)…………………………… | 10 |
| *Zaho v. East Harlem Laundromat, Inc.,* <br> 2010 U.S. Dist. LEXIS 121335 at *24 (S.D.N.Y. Oct. 2010)…………………………… | 13 |
| **Rules/Statutes** | |
| 29 U.S.C. § 207………………………………………………………………… | 6, 19 |
| 29 U.S.C. § 216………………………………………………………………… | 13, 17 |
| 29 C.F.R. § 516.4……………………………………………………………… | 11 |
| NYCRR Title 12, § 142-2.2.…………………………………………………… | 7, 10 |
| NYCRR Title 12, § 142-2.8…………………………………………………… | 12 |
| NYC ADC 8-107………………………………………………………………… | 6, 7 , 16 |
| NY EXEC LAW § 296…………………………………………………………… | 6. 7 |
| NYLL § 193……………………………………………………………………… | 6,7,14,15 |
| NYLL § 195……………………………………………………………………… | 6,7,9,10,17 |

| | |
|---|---|
| NYLL § 198………………………………………………………….. | 6,12, 13, 14. 15 17 |
| NYLL § 650…………………………………………………………..... | 6, 10 |
| NYLL § 663…………………………………………………………..... | 6, 12, 13, 14 |
| NYCPLR § 5001 ……………………………………………………… | 15 |
| NYCPLR § 5004………………………………………………………. | 14 |

Plaintiff Shakeya Rhoden (collectively herein "Plaintiffs") submits this memorandum of law in support of the entry of a default judgment, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure ("FRCP"). Plaintiff seek to recover unpaid overtime compensation and related damages under the Fai r Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 207, 2 16, New York Labor Law ("NYLL") §§ 193, 195, 198, 663 and New York Codes, Rules and Regulations ("NYCRR") Title 12, § 142.-2.2.   Finally, Plaintiff seeks to recover for gender discrimination under New York State Law and New York City Law.  NY Exec Law § 296, NYC ADC 8-107(a).  For the reasons stated herein, we respectfully request that the motion be granted and default judgment be entered against Defendants in the total amount of **$158,166.04**, plus **$7,300.00** in costs and attorneys' fees, costs, etc, and judgment interest.  We also seek an inquest on the issue of punitive damages and non-economic damages on the discrimination claim..

## PRELIMINARY STATEMENT

Plaintiffs are entitled to judgment by default under Rule 55(b) because Defendants failed to defend this action. As a result, the Clerk entered Defendants' default. *See* Declaration of Jason Tenenbaum ("Tenenbaum Decl.").

Plaintiffs worked for Defendants ("Plaintiff Decl.").  Plaintiff worked in excess of 40 hours each in the course of their employment with Defendants.  The time period for the unpaid overtime claims in dispute is from March 2016 through July, 2017.  Plaintiff seeks economic damages due to gender discrimination under State and Local law in the sum of  $69,840.00.   Also sought is non-economic damages for this branch of damages.

Plaintiffs also brought this action to recover unpaid overtime compensation and illegal wage deductions under the FLSA and NYL.  Plaintiffs also brought a claim under NYLL § 195 because Defendants failed to give Plaintiffs proper wage statements as required by the statute.  ("Plaintiff Decl.").  See also 29 U.S.C. §§ 201 et seq.; N.Y. Lab. L. §§650 *et seq.;* N.Y. Comp. Codes R. &

Regs., tit. 12, § 142-2.2; N.Y. Lab. L. § 195; N.Y. Lab. L. § 193.  The action was also brought under

New York State Law and New York City Law.  NY Exec Law § 296, NYC ADC 8-107(a).

The factual allegations in the Complaint and Plaintiff's' declaration fully support each of the

alleged causes of action. Where, as here, a party is in default, the Court should accept the plaintiffs'

allegations of fact as true. See Guallpa v. NY Pro Signs Inc., 2014 U.S. Dist. LEXIS 77033

(S.D.N.Y. May 24, 2014), citing Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993) ("[f]actual

allegations are taken as true in light of the general default judgment"). Furthermore, Plaintiff

sufficiently established the basis for their requests for damages through their submissions.

## FACTS

### Relevant Leal History

Plaintiffs filed a lawsuit against Defendants.  Defendants did not answer Plaintiffs' Complaint.

As a result, this Court entered a default judgment against Defendants. See Decl Jason Tenenbaum

### Defendants

All of the Defendants employed Plaintiffs.  For the duration of the time set forth in the complaint,

Defendants all maintained control, oversight and the direction of the locations Plaintiff worked.  During

the entirety of Plaintiff's employment, Defendants all had substantial control over Plaintiffs' hours and

their rate of pay.

### Plaintiffs

Plaintiff was employed as a nurse's aid Niranjan K. Mittal PLLC ("Mittal"), located at

7404 5th Avenue, Brooklyn, NY 11209.    Plaintiff continuously worked in that position until

May 2017, when he was let go.   Throughout the course of employment with Defendants, Plaintiff

worked  at Mittal.  During the entire course of Plaintiff's employment with Defendants, Plaintiff

worked 78 hours per week. Plaintiff was only paid for 72 hours of work per week, as she was not

given a lunch and was not paid for this one hour.   Plaintiff was also not paid overtime.

In 2016, Plaintiff's hourly wage was $15.00 per hour. Plaintiff worked 78 hours per week; however, Plaintiff was only paid regular (non-premium) wages for this time period. During this time period, Plaintiff was only paid $1080.00 per week. Plaintiff did not receive premium compensation for 38 hours per week of work.

In 2017, Plaintiff was promised a wage of $18.00 per hour. Plaintiff worked 78 hours per week; however, Plaintiff was only paid regular (non-premium) wages for this time period. Plaintiff was also only paid am hourly wage of $15.00 per hour, despite being promised a wage of $18.00 per hour. During this time period, Plaintiff was only paid $1080.00 per week. Plaintiff did not receive premium compensation for 38 hours per week of work. Finally, Plaintiff is entitled to an additional $120 per week in regular wages and an additional; $171 per week in overtime wages due to the failure of Defendants to adjust Plaintiff's rate of pay to $18.00 per hour.

Plaintiff was also never provided any notices of Defendants' policies regarding the payment of overtime compensation, nor did Plaintiff ever receive accurate wage statements by Defendants as required under the New York Wage Theft Prevention Act.

In addition, Plaintiff was terminated due to her pregnancy July 12, 2017. Plaintiff found other employment forty (40) weeks later on May 13, 2018. Plaintiff's lost revenue in the sum of $ $69,840.00.

## LEGAL ARGUMENT

**Plaintiff is Entitled to Entry of a Default Judgment**

Defendants have defaulted, Plaintiffs requested a certificate of default against Defendants. That same day, the Clerk entered Defendant's default. *See* Exhibit 2 Tenenbaum Decl.

**The Well-Pleaded Allegations in the
Complaint Must be Accepted as True**

For purposes of a default motion, the well-pleaded actual allegations set forth in the complaint are accepted as true. See Wicaksono v. ZYZ 48 Corp., 2011 U.S. Dist. LEXIS 5577 1, at *4 (S.D.N.Y. May 2, 2011) ("[w]hen a defendant has defaulted, a plaintiffs well-pleaded allegations concerning issues other than damages must be accepted as true") *(*internal quotations and citations omitted*)*; see also Gesualdi v. MBM Indus., 2010 U.S. Dist. LEXIS 96319, at * 2 (E.D.N.Y. Sept. 13, 2010) ("[i]n light of defendants' default in this case, all of the well-pleaded allegations in plaintiff's complaint pertaining to liability are deemed true").

The factual allegations deemed admitted should also include Plaintiffs ' allegations that Defendants' failure to compensate them in accordance with state and federal law was willful. See Da Silva v. Bennet St. Dev. Corp., 2010 U.S. Dist. LEXIS 112832, at *35-26 (E.D.N.Y. Sept. 24, 2010) ("[m]any courts have found that a defendant's default in itself, may suffice to support a finding of willfulness")(citations omitted*)*.

**The Allegations Establish Defendants' Liability**

Based on the well-pleaded allegations in the Plaintiffs' Amended Complaint and each Plaintiffs respective declaration, Plaintiffs have established that Defendants did not pay overtime, minimum wage, or spread of hours in compliance with the FLSA and NYLL.  Furthermore, at no point in time did Defendants provide Plaintiffs with notice of their overtime hours worked or overtime pay rate, as required by NYLL 195(1) and (3), respectively.

Thus, Plaintiffs are entitled to 1) overtime compensation when they exceeded forty (40) working hours per week, 2) liquidated damages equal to the amounts that were not paid, 3) compensation for the monies that were deducted from Plaintiff, 4) liquidated damages equal to the amounts that were deducted, 4) damages for notice violations and 5) prejudgment interest. See 29 U.S.C. 201 *et seq.;* N.Y. Lab. L. 650 et seq.; N.Y. Comp. Codes R. & Regs., tit. 12, 142-2.2; N.Y. Lab. L. 195.

**This Court May Set Damages Without an inquest**

Plaintiffs' declarations detail the hours they worked and the wages they were paid (as opposed to the amounts that they were legally owed), which provide a sufficient basis to calculate damages. See Yin v. Kim ,2008 U.S. Dist. LEXIS 118533, at *7 (E.D.N.Y. Mar. 7, 2009) ("[d]etailed affidavits and other documentary evidence can suffice in lieu of an evidentiary hearing"); see also Ferrara v. Corona & Son Trucking, 2010 U.S. Dist. LEXIS 137479 (E.D.N.Y. Oct. 27, 2010) at *5 "([t]he court may rely on affidavits or documentary evidence in evaluating the fairness of the damages requested").

Where, as here, the employer is in default, plaintiffs are permitted to rely on their recollections to establish damages. See DaSilva, 20 10 US Dist. LEXIS 112832 at * 14- 15 ([b]y defaulting, defendants have deprived the plaintiffs of the necessary employee records required by FLSA, thus hampering plaintiffs' abilities to prove their damages"); see also Pavia v. Around the Clock Grocery, Inc., 2005 U.S. Dist. LEXIS 42339 at *5 (E.D.N.Y. Nov. 15, 2005) ("[w]here the employer has defaulted, [as here, the employee's] recollection and estimates of hours worked are presumed to be correct").

**PLAINTIFFS' DAMAGE CALCULATIONS**
**The FLSA's Three-Year Statute of Limitations**
**is Applicable Because Defendants' Actions Were Willful**

The statute of limitations under the FLSA may be extended to three years if the cause of action arises out of a willful violation of the Act. 29 U.S.C. 255(a). The Supreme Court has held that a willful violation is one where "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." See McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988); see also Ayres v. 127 Rest. Corp., 12 F. Supp.2d 305, 309 (S.D.N.Y 1998) (finding that willful failure to pay wages exists "where the employer knowingly, deliberately, [or] voluntarily disregards its obligation to pay wages").

Here, Plaintiffs have alleged that Defendants' failure to pay them in accordance with the FLSA and NYLL was willful. As previously noted, it is well settled that Defendants' default is deemed an admission of those allegations. See Santillan v Henao, 822 F. Supp.2d 284, 297 (E.D.N.Y. 2011 ) ("(m]any courts have found that a defendant's default, in itself, may suffice to suppott a finding of willfulness"); see also Blue v. Finest Guard Services, Inc., 2010 U.S. Dist. LEXIS 73223, at *11 (EDNY. June 24, 2010); and Dong v. CCW Fashion Inc., No. 06 -cv-4973, 2009 U.S. Dist. LEXIS 33 194 , at *4-5 (S .D .N.Y. Feb. 19, 2009). The circumstances of this case, under this well-established case law, support a finding of willfulness.

**The FLSA Statute of Limitations is Equitably tolled**

The statute of limitations for Plaintiffs' FLSA claims are equitably tolled from the end of Plaintiffs ' employment to the filing of this lawsuit because Defendants failed to post a notice of workers rights in the workplace, as required by law. See 29 C.F.R. § 516.4. Under federal law, employers must keep posted a notice explaining the FLSA's provisions "in conspicuous places in every establishment where such employees are employed so as to permit them to observe readily a copy." See 29 C.F.R. § 516.4.

Here, Defendants failed to post the notice or otherwise properly notify Plaintiffs of their rights under the FLSA and NYLL. Plaintiffs' claims, therefore, should be equitably tolled from the end of their respective damages of employment. See Gunawan v. Sake Sushi Rest., 2011 U.S. Dist. LEXIS 96639, at *8-9 (E.D.N.Y. Aug. 26, 2011) ("[a]pplication of the three year statute of limitations along with its tolling until June 2007 would capture the entire period of employment."); see also Ke v. Saigon Grill, Inc., 595 F. Supp.2d 240, 259 (S.D.N.Y. 2008) ("[t]o invoke [the equitable tolling] doctrine, the plaintiff need not demonstrate that the defendant was guilty of fraudulent concealment. Even his failure to provide required notice of the governing legal requirements may be a sufficient basis for tolling")(citations omitted); see also Ramirez v. CSJ & Co., 2008 U.S. Dist. LEXIS 2890 1, at *7 (S.D.N.Y. Apr. 3, 2007) (denying a motion to dismiss claims beyond 3-year federal statute of limitations where plaintiffs alleged that defendants had not posted required signs and plaintiffs had no actual knowledge of the law).  As a result of equitable tolling, Plaintiffs' FLSA claims would encompass Plaintiffs' employment from March 4, 20 12 until the present.

**The Applicable NYLL**
**Statute of Limitations is Six Years**

Defendants did not inform Plaintiffs of their wage and hours rights in the workplace- a requirement under New York law. See 12 NYCRR 142-2.8. The statute of limitations for Plaintiffs ' claims brought under the NYLL is six years from the date of the filing of this lawsuit. As a result, Plaintiffs' claims under the NYLL will encompass the duration of Plaintiffs ' employment. See NYLL 198(3), 663(3); see also Vasquez v. Ranieri Cheese Corp., 2010 U.S. Dist. LEXIS 29431 (E.D.N.Y. March 25, 2010) at *54- 55 ("New York law has a six-year-statute of limitations for violations of its overtime, minimum wage and spread of hour pay requirements. Accordingly, Defendants are liable

under New York law for any violations that accrued during the six years that preceded the filing of the action") citing N.Y. Lab. L. §§ 198(3), 663(3); see also Keun-.Jae Moon v. Joan Gab Kwon, 248 F. Supp.2d 201, 232 (S.D.N.Y. Sept. 6, 2002).

**Plaintiffs are Entitled to Liquidated Damages under the FLSA and NYLL**

Both the FLSA and NYLL provide for liquidated damages in addition to actual damages. The FLSA provides for liquidated damages of one hundred percent. 29 U.S.C. § 216(b). The NYLL provides for liquidated damages of one hundred percent for labor law violations occurring on or after April 9, 2011.

**1. FLSA Liquidated Damages**

An employer who violates the FLSA is liable for the unpaid wages and an additional equal amount as liquidated damages. 29 U .S.C. § 216(b). An employer is liable for liquidated damages unless it can demonstrate that its actions were in good faith and that it had reasonable grounds for believing its actions or omissions did not violate the FLSA. See Barfield v. New York City Health & Hosp. Cmp., 53 7 F.3d 132, 150 (2d Cir. 2008) ("[t]o establish the requisite subjective 'good faith' an employer must show that it took 'active steps to ascertain the dictates of the FLSA and then act to comply with them'"); see also Ayres v. I 27 Restaurant Corp. , 12 F. Supp.2d 305, 309 (S.D.N.Y. 1998) ("[u]nder the FLSA, double damages are the norm *unless* a defendant shows that it acted in good-faith and that its conduct was lawful by providing plain and substantial evidence of at least an honest intention to ascertain what the Act requires and to comply with it")*(*internal quotations omitted)

Here, as Defendants have defaulted, they have not met their burden to demonstrate that their failure to pay Plaintiffs in compliance with federal and state law was somehow in "good faith." See Zaho v. Easl Harlem Laundromal, Inc., 2010 U.S. Dist. LEXIS 121335 at *24 (S.D.N.Y. Oct. 2010) ("[b]ecause the defendant has ceased defending *this* action and a default judgment has been ordered,

the defendant has not carried the burden of showing that an award of liquidated damages is inappropriate.  Therefore, liquidated damages are appropriate under both federal and state law").

**2. NYLL Liquidated Damages**

Similar to the FLSA, the NYLL permits an employee to recover one hundred percent of his unpaid wages as liquidated damages unless his employer can show it acted in good faith. NYLL §§ 198 (1-a), 663(1).    This would apply to a violation of Labor Law 193.  <u>Ryan v Kellogg Partners Institutional Servs.</u>, 19 N.Y.3d 1, 11 (NY COA 2012).  Since, as discussed <u>supra</u>, Defendants' wage and hour violations were willful and not in good faith, Plaintiffs are entitled to liquidated damages under the NYLL. <u>See</u> <u>Blue v. Finest Guard Services</u>, 2010 U.S. Dist. LEXIS 73233 (E.D.N.Y. June 24, 2010) (report and recommendation); <u>see also</u> <u>Ayres</u>, 12 F. Supp.2d at 309; <u>see also</u> <u>Moon v. Joan Gab Kwon</u>, 248 F. Supp.2d 201, 23 (S.D.N.Y. 2002).

Moreover, Plaintiffs may be awarded liquidated damages under both the FLSA and NYLL for the same time periods because these damages, through sharing the same name, serve fundamentally different purposes. "A prevailing plaintiff who can justify both federal liquidated damages and state-law damages should be eligible to recover both." <u>See Kev. Saigon Grill</u>, 595 F. Supp.2d at 262 (S.D.N.Y. 2008)(citations and quotations omitted); <u>see also</u> <u>Gurung v. Malhotra</u>, 851 F. Supp. 2d 583, 593 (S.D.N.Y. 2012) (observing that, in the Second Circuit, "[t]he majority view is that such a simultaneous recovery is permissible because liquidated damages under the FLSA and the NYLL serve different purposes"); <u>see also</u> <u>Herrera v. Tri-State Kitchen & Bath, Inc.</u>, 2015 U.S. Dist. LEXIS 51809 at *31 (E.D.N.Y. March 12, 2015) (Judge Irizany adopting the Magistrate's recommendation for double damages under the FLSA and NYLL in plaintiffs' motion for a default judgment).

Thus, the calculations for liquidated damages for Plaintiffs reflect (1) FLSA liquidated damages, based upon damages arising from overtime pay violations; and (2) NYLL liquidated

damages, covering Plaintiffs' respective periods of employment as stated above, based upon damages arising from the same violations.

**Plaintiffs are Entitled to
Prejudgment Interest on Their NYLL Claims**

Plaintiff is entitled to prejudgment interest at a statutory rate of nine percent on their damages incurred in addition to NYLL as Plaintiffs are allowed to recover pre-judgment interest on damages when they are not simultaneously recovering FLSA liquidated damages. See NY C.P.L.R. §§ 5001 , 5004; Paz v. Piedra, 2012 U.S. Dist. LEXIS 4034 (SDNY Jan. 12, 2012) at *42 citing Brock v. Superior Care, Inc., 840 F.2d 1054, 1065 (2d Cir. 1988).

**Damages Analysis**

1. **Unpaid Overtime Claims**

Based on the above, Plaintiffs seek and are entitled to the following damages: (a) the full overtime rate for each overtime hour worked; (b) liquidated damages under federal and state law; (c) prejudgment interest on their NYLL claims and (d) attorneys' fees and expenses. See Heng Chan v. Sung Ye Tung Corp., 2007 U.S. Dist. LEXIS 7770 at *70-84 (awarding each of the above-mentioned elements of damages). Plaintiffs are also entitled to post-judgment interest that accrues after a final judgment is entered. See Coulibaly v. Millennium Super Car Wash, Inc., 2013 U.S. Dist. LEXIS 186210, at *47-48 (E.D.N.Y. July 9, 2013).

2. **NY Labor Law § 193 Unlawful Deduction claims**

Plaintiff is entitled to be reimbursed for the wages that were unlawfully deducted from the pay.  NY Labor Law 193(1)("No employer shall make any deductions from wages…").

3. **Economic Damages: Gender Discrimination**

The Court held as follows: "To determine lost back pay, a plaintiff's base annual compensation at the time of the termination is multiplied by the length of time between

termination and trial or here, the inquest." <u>See Saulpaugh v. Monroe Cmty. Hosp.</u>, 4 F.3d 134, 145 (2d Cir. 1993). This calculation includes overtime compensation." <u>Gutierrez v. Taxi Club Mgmt.</u>, 2018 U.S. Dist. LEXIS 106808, *16 (EDNY 2018)

The declaration of Shakeya Rhoden proves this fact as a matter of law and judgment should be entered accordingly.

**4. Limited Inquest**

A limited inquest is necessary in order to address the claims for non-economic damages and punitive damages under NYC ADC 8-107(a).  "To recover punitive damages under NYCHRL, the plaintiff must show either: (1) the employer acted with 'malice and reckless indifference [,] refer[ing] to the employer's knowledge that it may be acting in violation of federal law;' or (2) 'egregious or outrageous acts' by the employer, that support 'an inference of the requisite evil motive." <u>Gutierrez</u>, 2018 U.S. Dist. LEXIS 106808, *26.  There is no cap for the award of punitive damages.

Also, an inquest is necessary to determine damages for pain and suffering.  <u>Id.</u>

**Damages for Plaintiff without inquest**

**Total Compensatory Damages:** Plaintiff's total compensatory damages for unpaid overtime wages and improperly deducted wages: **$32,568.00**

**NYLL Liquidated Damages:** Plaintiff is entitled to 100% of the compensatory damages from as liquidated damages. As a result, Plaintiff is entitled to the following amount of in liquidated damages under the NYLL: **$32,568.00**

**FLSA Liquidated Damages:** Plaintiff would elect liquidated damages asserted under NYLL.

**NYLL § 195 (1) and** (3) **Damages:** Plaintiff is entitled to recover the maximum statutory damages of $5000.00 each under NYLL § 198(1-b) and (1-d) for violations of both NYLL § 195(1) and (3), as Plaintiff was never given notice of his overtime rates of pay or overtime hours worked with his wage statements or annual acknowledgments signed by Plaintiff showing the rates of pay. Total damages: **$10,000**

**NYLL Pre-Judgment Interest:** Plaintiff is entitled to pre-judgment interest at a statutory rate of 9 percent per year from the middle point of employment (November 13, 2016): **$13,190.04**

**Loss of Income:**   Plaintiff is entitled to loss of income from July 12, 2018 through May 13, 2018.  Total damages: **$69,840.00**

**Total Damages:** Plaintiff total damages is the following not including post-judgment interest: **$158,166.04**

Please note, an inquest is necessary for a calculation of compensatory damages (pain and suffering) and punitive damages.

### Plaintiffs are Entitled to Reasonable Attorneys' Fees and Costs

In an action under the FLSA, the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. §216(b). Fees and costs are also awardable under the NYLL with respect to the state law claims. See NYLL 198; see also Cao v. Wu Liang Ye Lexington Rest. Inc., 2010 U.S. Dist. LEXIS 109373 at *22-23(S.D.N.Y. Sept. 30, 2010).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate." See Arbor Hill Concerned Citizens Neighborhood Ass 'n v. County of Albany, 522 F .3d 182, 186 (2d Cir.

2008). Prior to <u>Arbor Hill</u>, this amount was known as the " lodestar" amount, which the Second Circuit has suggested be known going forward as the "presumptively reasonable fee." Id. at 183; <u>see also</u> <u>Cao</u>, 2010 U.S. Dist. LEXIS 109373 at *22.

The inquiry should be focused on "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." <u>See</u> <u>Grant v. Martinez</u>, 973 F. 2d 96, 99 (2d Cr. 1992)(citation omitted)  However, in considering the records, the Court should not "engage in  an ex post facto determination of whether attorney hours were necessary to the relief obtained. "' <u>See</u> <u>Cesario v. BNI Constr., Inc.</u>, 2008 U.S. Dist. LEXIS 1031 55, at *20 (quoting <u>Grant v. Martinez</u>, 973 F. 96, 973 F.2d at 99 (SDNY 1998).  "The 'most important factor to a determination of what constitutes reasonable attorney's fees is the degree of success obtained by plaintiff.'"

Plaintiffs' attorneys have submitted a compilation of their time records for the Court's consideration on this motion.  the presumptively reasonable fee.

With respect to determining a reasonable hourly rate, the Second Circuit has held that the term means "what a reasonable, paying client would be willing to pay." <u>See</u> <u>Arbor Hill</u>, 522 F.3d at 184; <u>see also</u> <u>Cao</u> 2010 U.S. Dist. LEXIS 109373 at *23-24.  The rate should be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." <u>See</u> <u>Reiter v.</u> <u>MTA NY City Transit Auth.</u>, 457 F.3d 224, 232 (2d Cir. 2006)(citation omitted).  In considering the appropriate rate, the Court may also use its own knowledge of the relevant market. <u>See McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund</u>, 450 F3d 91, 96-97 (2d Cir. 2006).

Here, Plaintiffs' attorneys work primarily on wage and hour cases and seek a rate commensurate with their level of experience. Specifically, Mr. Tenenbaum  seeks a rate of $400 per hour. <u>See</u> <u>Hui Luo v. L & SAcupuncture, P.C. </u>, 2015 U.S. Dist. LEXIS 56236, at *2 (EDNY Apr. 29,

2015) (explaining that "'[t]he prevailing hourly rate for partners in this district range[s] from $300.00 to $400.00,'" and "'a reasonable hourly rate for a senior associate ranges from $200 to $300'") (quoting Tacuri v. Nithin Constr. Co., 2015 U.S. Dis. LEXIS 22074 at *13 (E.D.N.Y. Feb. 24, 2015); see also Juarez v. Precision Apparel, Inc., 2013 U.S. Dist. LEXIS 131418 (E.D.N.Y. 2013) (awarding $75 per hour to paralegals).

An attorney fee in the sum of **$6,400.00** should be awarded. Costs in the sum of $500 should also be awarded.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion for a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and award damages in the amounts set forth herein.

Respectfully Submitted,
THE LAW OFFICE OF GREGORY A. GOODMAN, P.C.


s/ Jason Tenenbaum
_____
Jason Tenenbaum, Esq.
595 Stewart Avenue
Suite 400
Garden City, New York 11530
(516) 750-0595 (Office)