UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAKEYA RHODEN, and other similarly situated current and former nurses and technicians,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　*v.*<br><br>NIRANJAN MITTAL, NIRANJAN K. MITTAL, PHYSICIAN, PLLC,<br><br>　　　　　　　　　Defendants. | **REPORT & RECOMMENDATION**<br>18-CV-6613-LDH-SJB |

**BULSARA, United States Magistrate Judge:**

　　　Plaintiff Shakeya Rhoden ("Rhoden" or "Plaintiff"), on behalf of herself and similarly situated current and former nurses and technicians, commenced this wage-and-hour action on November 19, 2018 against Niranjan Mittal and Niranjan K. Mittal, Physician, PLLC (collectively, "Defendants") in the Eastern District of New York. (Compl. dated Nov. 19, 2018 ("Compl."), Dkt. No. 1). Rhoden alleges she was employed as a nurse's aide by Defendants from March 2016 to July 2017. (Am. Compl. dated Jan. 3, 2019 ("Am. Compl."), Dkt. No. 36, ¶¶ 34, 45). On behalf of herself and a proposed collective, Rhoden alleges Defendants failed to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"). (*Id.* ¶¶ 51–57). She also alleges, on behalf of herself only, that Defendants failed to pay her overtime wages and failed to provide her with annual wage notices and wage statements in violation of the New York Labor Law ("NYLL"), (*id.* ¶¶ 58–70), and that Defendants discriminated against her in violation of New York City Administrative Code § 8-107(a) and New York Executive Law § 296(1)(a), (*id.* ¶¶ 71–91).

This action has been pending for almost two years, and there have been several motions filed and withdrawn.  Only the procedural history relevant to this Report and Recommendation is summarized here.  Although the action was initiated in November 2018, Defendants did not appear until January 2020.  (Mot. for Pre-Mot. Conference dated Jan. 24, 2020, Dkt. No. 19).  Rhoden filed her first motion to certify a FLSA collective action on January 31, 2020.  (Pl.'s Mot. for Conditional Certification and Facilitation of Notice Pursuant to 29 U.S.C. § 216(b) dated Jan. 31, 2020, Dkt. No. 22).  Defendants opposed on March 6, 2020.  (Mem. of Law in Opp. to Pl.'s Mot. for Conditional Class Certification dated Mar. 6, 2020, Dkt. No. 25).  Rhoden filed the operative Amended Complaint on May 11, 2020.  (Am. Compl.).  On May 26, 2020, Defendants filed an Answer to the Amended Complaint.  (Defs.' Answer to Am. Compl. dated May 26, 2020 ("Answer"), Dkt. No. 37).  The Court denied Rhoden's first certification motion on May 29, 2020.  (Mem. and Order dated May 29, 2020, Dkt. No. 38).  On June 18, 2020, Rhoden filed a second motion to certify a FLSA collective.  (Pl.'s Mot. for Conditional Certification and Facilitation of Notice Pursuant to 29 U.S.C. § 216(b) dated June 18, 2020, Dkt. No. 39).  Defendants opposed on August 10, 2020.  (Mem. of Law in Opp. to Pl.'s Renewed Mot. for Conditional Class Certification dated Aug. 10, 2020, Dkt. No. 41).  The Court has not yet ruled on the second motion.

On August 26, 2020, Rhoden moved to dismiss her FLSA and NYLL claims pursuant to Rule 41(a)(2) without prejudice and remand her discrimination claims to state court.  (Mot. to Remand dated Aug. 26, 2020, Dkt. No. 44).  Defendants oppose the motion in one respect:  they ask the Court dismiss the FLSA and NYLL claims *with* prejudice.  (Reply to Pl.'s Letter Mot. to Withdraw dated Aug. 27, 2020 ("Opp."), Dkt. No. 45).  They also request an award of costs.  (*Id.* at 3).  Rhoden filed a reply on August

2

27, 2020. (Reply to Letter Appl. dated Aug. 26, 2020 ("Reply"), Dkt. No. 46). On September 18, 2020, the Honorable LaShann DeArcy Hall referred the motion to the undersigned for a report and recommendation. (Order Referring Mot. dated Sept. 18, 2020).

For the reasons outlined below, the Court respectfully recommends that Plaintiff's motion to dismiss her FLSA and NYLL claims without prejudice be granted and that the Court decline to exercise supplemental jurisdiction over the state-law discrimination claims. The Court further concludes that remand is inappropriate because this action was initiated in federal court, not state court, and that Defendants' motion for costs be denied.

I.   Rule 41(a)(2) Dismissal

"[A] Rule 41(a)(2) dismissal, which is made at the 'plaintiff's request,' requires court approval. It is not a dismissal as of right. And court approval must be on terms that 'the court considers proper.'" *Guarnero-Ruiz v. 36-03 Food, LLC*, No. 17-CV-3178, 2017 WL 7049543, at *5 (E.D.N.Y. Dec. 11, 2017) (report and recommendation) (quoting Rule 41(a)(2)). As such, "[t]he grant or denial of a dismissal on motion under Rule 41(a)(2) is within the sound discretion of the trial court." *Bynum v. Maplebear Inc.*, 209 F. Supp. 3d 528, 535 (E.D.N.Y. 2016) (quotation omitted)). Unless the court orders otherwise, a Rule 41(a)(2) dismissal is *without* prejudice. Fed. R. Civ. P. 41(a)(2). "The general rule is settled for the federal tribunals that a plaintiff possesses the unqualified right to dismiss his complaint at law or his bill in equity[.]" *Jones v. SEC*, 298 U.S. 1, 19 (1936). Accordingly, "[a]lthough voluntary dismissal without prejudice is not a matter of right, there is a presumption . . . that generally motions to dismiss claims without prejudice should be granted." *Ascentive, LLC v. Op. Corp.*, No. 10-CV-4433, 2012 WL

3

1569573, at *2 (E.D.N.Y. May 3, 2012); *accord Paulino v. Taylor*, 320 F.R.D. 107, 109 (S.D.N.Y. 2017).

"[T]wo tests have developed in the Second Circuit for determining whether dismissal without prejudice would be inappropriate." *GFE Glob. Fin. & Eng'g Ltd. v. ECI Ltd. (USA), Inc.*, 291 F.R.D. 31, 36 (E.D.N.Y. 2013); *accord Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006). One test examines whether defendants would suffer some plain legal prejudice from a without-prejudice dismissal, beyond the prospect of a second lawsuit. *Camilli*, 436 F.3d at 123 (citing *Cone v. W. Va. Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)). The second "test for dismissal without prejudice involves consideration of various factors, known as the *Zagano* factors." *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011) (quoting *Camilli*, 436 F.3d at 123); *see Zagano v. Fordham Univ.*, 900 F.2d 12 (2d Cir. 1990). *Zagano* requires consideration of: (1) "the plaintiff's diligence in bringing the motion"; (2) "any 'undue vexatiousness' on plaintiff's part"; (3) "the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial"; (4) "the duplicative expense of relitigation"; and (5) "the adequacy of plaintiff's explanation for the need to dismiss." 900 F.2d at 14. "These factors are not necessarily exhaustive and no one of them, singly or in combination with another, is dispositive." *Ctr. for Discovery, Inc. v. D.P.*, No. 16-CV-3936, 2018 WL 1583971, at *5 (E.D.N.Y. Mar. 31, 2018) (quoting *Kwan*, 634 F.3d at 230). "[T]he *Zagano* factors apply where, as here, the moving party is seeking to have the 'unfettered opportunity to renew claims' against the non-moving party." *Paulino*, 320 F.R.D. at 110 (quoting *Camilli*, 436 F.3d at 123).

Under either test, Plaintiff's motion to dismiss her FLSA and NYLL claims without prejudice should be granted.

As for the first test, Defendants have not demonstrated plain legal prejudice from a dismissal without prejudice.

> "Plain legal prejudice" includes "the plight of a defendant who is ready to pursue a claim against the plaintiff *in the same action* that the plaintiff is seeking to have dismissed." For example, this Circuit has explained, "plain legal prejudice" exists "when the cause has proceeded so far that the defendant is in a position to demand on the pleadings an opportunity to seek affirmative relief and he would be prejudiced by being remitted to a separate action."

*Ascentive*, 2012 WL 1569573, at *2 (quoting *Camilli*, 436 F.3d at 124). This is not the case here: Defendants have neither asserted nor alluded to counterclaims in their Answer. (*See* Answer); *see, e.g.*, *Staten Island Terminal, LLC v. Elberg*, No. 11-CV-3262, 2012 WL 1887126, at *3 (E.D.N.Y. May 23, 2012) (finding no legal prejudice where the defendant "has not alleged any counterclaims or defenses that would be affected by dismissal of the action"). And although Defendants do not assert harm from continuing to litigate the case in another forum, that, too, would be insufficient. The harm from such a future lawsuit is tangible—including inconvenience, cost, and harassment—but insufficient to warrant a dismissal with prejudice. *See, e.g.*, *Paulino*, 320 F.R.D. at 109 ("[S]tarting a litigation all over again does not constitute legal prejudice." (quoting *D'Alto v. Dahon Cal., Inc.*, 100 F.3d 281, 283 (2d Cir. 1996))); *Empire United Lines Co. v. Presniakovas*, No. 15-CV-557, 2017 WL 4233032, at *3 (E.D.N.Y. Sept. 22, 2017) ("Here, dismissal under this line of authority would be proper, as Defendants make no argument about prejudice aside from citing the possibility that they might be subject to a duplicative action at some point in the future.").

With respect to the second test, the first, third, and fourth *Zagano* factors weigh in favor of a without-prejudice dismissal. With respect to the first factor, whether Rhoden diligently brought this motion, "the Court examines not only the length of time

5

an action has been pending, but also whether the efforts of the party were geared toward an efficient resolution." *Carbajal v. Miller Bros. Landscape Maint., LLC*, 2020 WL 578822, at *3 (E.D.N.Y. Jan. 3, 2020) (quoting *Elberg*, 2012 WL 1887126, at *3), *report and recommendation adopted*, 2020 WL 588320 (Feb. 6, 2020). Factors three and four "generally 'weigh[ ] against dismissal without prejudice only if the case has progressed to an advanced stage, such as the eve of trial, or when discovery is complete and partial dispositive motions have been adjudicated.'" *Rayburn v. CSX Transp., Inc.*, No. 17-CV-48, 2017 WL 4990631, at *4 (N.D.N.Y. Oct. 31, 2017) (alteration in original) (quoting *Morehouse v. Clifford*, No. 14-CV-1359, 2016 WL 51254, at *7–8 (N.D.N.Y. Jan. 4, 2016)). Here, although the case has been pending for nearly two years, Defendants only appeared in January of this year, discovery has just begun, and no dispositive motions have been filed, much less adjudicated. Furthermore, while there was one motion for conditional certification, which was denied, a successive motion remains pending and, if granted, would result in the potential addition of new plaintiffs and discovery about their respective claims. In other words, Rhoden brought the Rule 41 motion to dismiss in relatively short order; there is no evidence of unnecessary delay, and the case has not progressed to the eve of resolution. Thus, factors one, three, and four weigh in favor of dismissal without prejudice. *See, e.g.*, *In re Fosamax Prods. Liab. Litig.*, No. 06-MD-1789, 2008 WL 5159778, at *2 (S.D.N.Y. Dec. 9, 2008) ("With respect to the first factor, the record does not support Merck's claim that Greene failed to exercise diligence in seeking to dismiss her case. Although Greene filed suit in June 2006, fact discovery specific to her case did not begin in earnest until February 2008."); *Brinn v. Hofstra Univ.*, No.15-CV-145, 2015 WL 7756126, at *2 (E.D.N.Y. Dec. 1, 2015) ("[T]he St. John's defendants have not convinced the Court that the resources devoted

6

to this case to date were sufficiently significant to warrant dismissal with prejudice. Little to no discovery took place and the St. John's defendants could presumably use any motion papers or discovery they have already drafted if plaintiff refiles this matter."); *see also Hinfin Realty Corp. v. Pittston Co.*, 206 F.R.D. 350, 356 (E.D.N.Y. 2002) (dismissing claims without prejudice and noting that "in light of the fact that the case is now 21-months old, but little action has been taken, the Court finds the third *Zagano* factor to be neutral").

Defendants appear to argue that the second and fifth *Zagano* factors weigh in favor of dismissal with prejudice.[1] With respect to the second factor, "[v]exatiousness refers to instances in which a case is brought to harass a defendant or in which a plaintiff had an ill motive" in bringing the claims in the first place. *Luis v. Marabella Pizza, LLC*, No. 18-CV-4052, 2019 WL 4261946, at *3 (E.D.N.Y. Aug. 23, 2019), *report and recommendation adopted*, 2019 WL 4261616 (Sept. 9, 2019). Courts have considered plaintiffs who bring actions with no intention of participating in discovery to be acting with "ill motive." *E.g.*, *Paulino*, 320 F.R.D. at 110. In the absence of such "ill motive," however, this factor will weigh in favor of dismissal without prejudice. *See, e.g.*, *Scott v. Chipotle Mexican Grill, Inc.*, No. 12-CV-8333, 2015 WL 13745760, at *8 (S.D.N.Y. July 31, 2015), *report and recommendation adopted in relevant part*, 2016 WL 397677 (Feb. 1, 2016). Defendants argue that Plaintiff's claims were "frivolous from

---

[1] Instead of *Zagano*, Defendants ask the Court to apply *Blaes v. Johnson & Johnson*, 858 F.3d 508 (8th Cir. 2017). (Opp. at 1–3). Second Circuit precedent, not Eighth Circuit precedent, is binding on this Court. The Eighth Circuit factors are similar, but not identical; Defendants' arguments that Rhoden's claims "were frivolous from the outset," that she "provides no concrete basis in law nor fact for requesting the dismissal," and that her counsel is attempting to evade discovery obligations, (*id.* at 2), are most applicable to the second and fifth *Zagano* factors.

7

the outset," and they point to Plaintiff's failure to respond to overdue discovery requests as evidence of a potentially nefarious motive. (Opp. at 2). Plaintiff does not address this argument in her reply. (*See* Reply). Nonetheless, there is nothing to suggest that Plaintiff acted with "ill motive" or had no intention of participating in the case, or otherwise acted in bad faith. *Jewelers Vigilance Comm., Inc. v. Vitale Inc.*, No. 90-CV-1476, 1997 WL 582823, at *3 (S.D.N.Y. Sept. 19, 1997) ("[A]bsent concrete evidence of any ill-motive on Plaintiff's part, the Court declines to label Plaintiff's conduct 'vexatious.'"). Indeed, Plaintiff submitted not one, but two, motions for conditional certification, both of which were buttressed with declarations to support the claims alleged. (*See* Decl. of Shakeya Rhoden dated Jan. 28, 2019, attached as Ex. 2 to Decl. of Jason Tenenbaum, Dkt. No. 22; Decl. of Shakeya Rhoden dated June 18, 2020, attached as Ex. 2 to Decl. of Jason Tenenbaum, Dkt. No. 39). As for the "overdue" discovery requests, lateness in responding to discovery is not, standing alone, sufficient evidence of bad faith, particularly in light of the other efforts to prosecute the case. As such, the second factor favors dismissal without prejudice.

As to the fifth *Zagano* factor—the adequacy of the rationale for dismissal—Plaintiff's counsel explains that he has concluded, following further investigation into the matter, "the class of people that have been victimized is more expansive than I thought" and that his client plans to prosecute the claims as a class action in state court. (Reply at 1–2). In general, that a plaintiff wishes to pursue claims in state court in lieu of federal court—which amounts to a request to forum-shop after the initial forum is deemed unfavorable—is not an adequate justification for discontinuing a case. Such an inadequate explanation weighs against dismissal without prejudice. *E.g.*, *George v. Prof'l Disbosables Int'l, Inc.*, No. 15-CV-3385, 2017 WL 1740395, at *3 (S.D.N.Y. May 2,

8

2017) ("George claims that he seeks to dismiss this case so that he may bring a lawsuit arising from the same injuries in state court. However, if George 'seeks to dismiss at this late stage in order to gain a second opportunity to litigate [his claims] before a state court judge or jury, that would be an improper and vexatious use of Rule 41(a)(2).'" (quoting *Roh v. Devack*, No. 07-CV-1901, 2011 WL 1363789, at *3 (D. Conn. Apr. 11, 2011))).[2] This factor is the only one, therefore, out of the five, that favors dismissal with prejudice. That single factor, however, is not sufficient because the balance of the *Zagano* factors favor a without-prejudice dismissal. *E.g.*, *Stinson v. City Univ. of N.Y.*, No. 18-CV-5963, 2020 WL 2133368, at *5 (S.D.N.Y. May 4, 2020) ("Broadly speaking, . . . so long as the other *Zagano* factors weigh in favor of dismissal, a suggestion of forum shopping is alone insufficient to deny a Rule 41(a)(2) motion."); *Dayter v. Fallon*, No. 19-CV-301, 2020 WL 1689860, at *3 (N.D.N.Y. Apr. 7, 2020) (granting motion to dismiss without prejudice where the first four *Zagano* factors favored dismissal without prejudice but, "[w]ith respect to the final [*Zagano*] factor, Plaintiff has not offered any explanation, let alone an adequate one, for his need to dismiss the action"); *Benitez v. Kitachi Metals Am., Ltd.*, No. 11-CV-6812, 2012 WL 3249417, at *2 (S.D.N.Y. Aug. 6, 2012) (same).

The Court respectfully recommends that Plaintiff's FLSA and NYLL claims be dismissed without prejudice. *E.g.*, *Stinson*, 2020 WL 2133368, at *5–6 ("Broadly

---

[2] Courts have permitted plaintiffs to withdraw individual actions without prejudice to their ability to participate in an ongoing and separate class action. *E.g.*, *In re WorldCom, Inc. Sec. Litig.*, No. 02-CV-3288, 2004 WL 113484, at *5–7 (S.D.N.Y. Jan. 26, 2004) (dismissing pension funds' individual securities fraud claims without prejudice to their ability to participate in the certified *WorldCom* class action); *cf. Scott*, 2015 WL 13745760, at *10 (granting motion to dismiss unresponsive FLSA plaintiffs' claims without prejudice to their ability to participate in a Rule 23 class action). This is not such a case; Plaintiff seeks to initiate a new class action, not join a pending one.

9

speaking, . . . courts have concluded that, so long as the other *Zagano* factors weigh in favor of dismissal, a suggestion of forum shopping is alone insufficient to deny a Rule 41(a)(2) motion."); *Luis*, 2019 WL 4261946, at *2–3 (granting plaintiff's request for dismissal without prejudice where the first *Zagano* factor "weigh[ed] slightly against Plaintiff" but the rest favored dismissal without prejudice).

II.  Motion to Remand

Plaintiff requests that the Court remand her remaining claims to state court. However, a federal court may only remand a case to state court when that "action [wa]s commenced in state court and subsequently removed to federal court." *E. Sav. Bank v. Estate of Kirk*, 821 F. Supp. 2d 543, 546 (E.D.N.Y. 2011) (quoting *Schiffman v. Epstein*, No. 04-CV-2661, 2009 WL 1787760, at *5 (S.D.N.Y. June 23, 2009)); *see also Levin v. Com. Energy, Inc.*, 560 U.S. 413, 428 (2010) ("[F]ederal tribunals lack authority to remand to the state court system an action initiated in federal court."). This case was not initiated in state court, but in the Eastern District of New York. (*See* Compl.). Thus, this Court respectfully recommends the motion to remand be denied.

Instead, in light of the dismissal of Plaintiff's federal claims, the Court recommends that the Court decline to exercise jurisdiction over the remaining state-law claims. *See, e.g., Dixon v. Int'l Unified Workforce, Inc.*, No. 18-CV-7191, 2020 WL 6140054, at *4 (E.D.N.Y. Sept. 1, 2020) (recommending that, where a plaintiff failed to adequately plead FLSA claims, the Court dismiss remaining state-law claims among nondiverse parties), *report and recommendation adopted*, Order (Oct. 19, 2020). A court "may decline to exercise supplemental jurisdiction over" state-law claims among nondiverse parties where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). If Plaintiff's FLSA claims are dismissed, the

10

remaining claims all arise under state law. (*See* Am. Compl. ¶ 10). Thus, this Court recommends that supplemental jurisdiction should be declined over the state-law discrimination claims. *E.g.*, *Byron v. Genovese Drug Stores, Inc.*, No. 10-CV-3313, 2011 WL 4962499, at *4–5 (E.D.N.Y. Oct. 14, 2011) (declining to exercise jurisdiction over state-law claims after FLSA claims were dismissed); *Fernandez v. Main Glatt Corp.*, No. 12-CV-986, 2014 WL 1310287, at *4 (E.D.N.Y. Mar. 14, 2014) (recommending that motion for default judgment be denied and jurisdiction not be exercised over state-law claims pursuant to section 1367(c) when plaintiffs failed to plead FLSA claims), *report and recommendation adopted*, 2014 WL 1310291 (Mar. 31, 2014).

Two matters remain. First, Defendants have requested that "plaintiff be required to pay costs associated with defending the frivolous motions so far." (Opp. at 3). "Fee awards are often made when a plaintiff dismisses a suit *without prejudice* under Rule 41(a)(2)." *Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985). "The purpose of such awards is generally to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) faced by the defendant that the same suit will be refiled and will impose duplicative expenses upon him." *Id.* Defendants have neither itemized their costs for the Court to review nor made a showing that they will face "duplicative expenses" if Plaintiff is permitted to withdraw. *See ACEquip, Ltd. v. Am. Eng'g Corp.*, 219 F.R.D. 44, 46 (D. Conn. 2003) (denying defendant's request for fees and costs following a Rule 41(a)(2) dismissal without prejudice where he "d[id] not demonstrate that he will likely face duplicative costs if Plaintiff refiles the suit"); *Hinfin Realty Corp. v. Pittston Co.*, 212 F.R.D. 461, 463–64 (E.D.N.Y. 2002) (denying motion for fees and costs where counsel did not support motion with appropriate documentation). And given the fact that depositions have not taken place, it is difficult to see what taxable

11

costs Defendants could seek as reimbursement. Thus, the Court respectfully recommends that this request be denied. Second, Plaintiff has moved to quash a nonparty subpoena issued by Defendants. (Mot. to Quash dated Sept. 15, 2020, Dkt. No. 47). In light of this Report and Recommendation, the Court finds that any further federal discovery is inappropriate and hereby quashes the subpoena.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge's] report operates as a waiver of any further judicial review of the magistrate [judge's] decision.").

                                                SO ORDERED.

                                                */s/ Sanket J. Bulsara* October 26, 2020
                                                SANKET J. BULSARA
                                                United States Magistrate Judge

Brooklyn, New York